(February 10, 1977)

■ ROBERT F. GARROW, SR., Appellant, v JON K. HOLCOMBE et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 29, 1975 in Clinton County, which granted the cross motion of defendant Armani for a change of venue from Clinton to Onondaga County pursuant to CPLR 510 (subd 1), and denied plaintiff's cross motion for the entry of a default judgment and allied relief against the defendant Holcombe. In our opinion the plaintiff has failed to establish that he was a resident of Clinton County for the purpose of venue (cf. *Bradley v Plaisted,* 277 App Div 620). Having determined that the venue should be changed, the order of Special Term should have been without prejudice to a renewal of plaintiff's motion for a default judgment. We do not in this proceeding pass upon the sufficiency of the complaint or the merits of plaintiff's alleged cause of action. Order modified, on the law and the facts, by amending the last decretal paragraph thereof to provide that the denial of plaintiff's application for default judgment is without prejudice to a renewal thereof in Onondaga County, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CC, Appellant.—Appeal from a judgment of the County Court of Chenango County, rendered July 8, 1974, which adjudged appellant a youthful offender. The issue raised upon this appeal is whether or not the trial court erred in denying the appellant's motion to suppress oral statements made by him on January 29, 1974. We adopt the findings of County Court that the appellant prior to making the statement, which was the subject of the suppression hearing, was advised of his rights and refused an offer to have his lawyer present, and that he waived his rights accordingly, and that the waiver was voluntary. While it might appear from the prosecution witnesses that there was a scheme or other design to induce the appellant to confer with the police authorities, the appellant's testimony at the hearing demonstrates that he knew of the arrangements that his friend had made with the police to have the appellant come for questioning; that he acquiesced therein; that he knew his rights as to having an attorney, but chose not to call him so that he might help his friend and at the same time such action would be helpful to the appellant as he would not be prosecuted for other alleged crimes (cf. *People v Jackson,* 41 NY2d 146). Judgment affirmed. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.